**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| CRYSTAL CURRIER, *individually and on behalf of a class of similarly situated individuals,*<br><br>Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK HEALTH D/B/A DARTMOUTH HEALTH; MARY HITCHCOCK MEMORIAL HOSPITAL; DARTMOUTH-HITCHCOCK MEDICAL CENTER; AND DARTMOUTH-HITCHCOCK CLINIC,<br><br>Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. |

Plaintiff Crystal Currier, individually, and on behalf of herself and all others similarly situated, by and through counsel, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, declaratory relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of Plaintiff and similarly situated current and former employees of Defendant Dartmouth-Hitchcock Health d/b/a Dartmouth Health, Defendant Mary Hitchcock Memorial Hospital, Defendant Dartmouth-Hitchcock Medical Center, and Defendant Dartmouth-Hitchcock Clinic (hereinafter together also referred to as "Dartmouth Health" or "Defendant"), and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

2. This action also seeks to recover unpaid compensation, as well as liquidated damages, interest, costs, and any other appropriate relief, under New Hampshire law, on behalf of Plaintiff and similarly situated current and former employees employed by Defendant (the "New Hampshire State Law Class," as hereinafter more fully defined).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the exact same nucleus of facts and are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all Defendants have their principal places of business and reside in this district, Plaintiff resides and worked in this district for Defendant, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. Plaintiff Crystal Currier is an individual and a resident of Claremont, New Hampshire. Plaintiff has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

7. Defendant Mary Hitchcock Memorial Hospital ("MHMH") is a New Hampshire nonprofit corporation with its principal place of business at One Medical Center Drive, Lebanon, New Hampshire 03756. MHMH operates Dartmouth Hitchcock Medical Center, a hospital located in Lebanon, New Hampshire, where Plaintiff was employed.

8. Defendant Dartmouth-Hitchcock Health d/b/a Dartmouth Health ("Dartmouth Health") is a New Hampshire nonprofit corporation with its principal place of business at One Medical Center Drive, Lebanon, New Hampshire 03756. Dartmouth Health is the parent organization and sole corporate member of Defendants MHMH and Dartmouth-Hitchcock Clinic.

9. Defendant Dartmouth-Hitchcock Clinic ("DHC") is a New Hampshire nonprofit corporation with its principal place of business at One Medical Center Drive, Lebanon, New Hampshire 03756. DHC operates physician practices and provides clinical services in conjunction with MHMH, including at Dartmouth Hitchcock Medical Center.

10. Defendant Dartmouth-Hitchcock Medical Center ("DHMC") is a New Hampshire nonprofit corporation with its principal place of business at One Medical Center Drive, Lebanon, New Hampshire 03756. DHMC is a supporting organization of MHMH and DHC and other affiliated institutions, providing services in furtherance of their healthcare, educational, and charitable activities.

11. At all relevant times, Defendants operated as part of a single, integrated healthcare enterprise under common management and control, holding themselves out to the public as a unified healthcare system known as "Dartmouth Health." Defendant Dartmouth-Hitchcock Health was established to develop and maintain an integrated regional healthcare system, coordinating the operations of its affiliated hospitals, clinics, and other healthcare entities throughout New Hampshire and Vermont. Dartmouth-Hitchcock Health is the sole corporate member of numerous hospitals and healthcare entities, including Defendants Mary Hitchcock Memorial Hospital and Dartmouth-Hitchcock Clinic. Defendants' financial results are included in consolidated financial statements issued by Dartmouth-Hitchcock Health, which exercises organizational oversight and control over its affiliated entities, including the authority to appoint or remove members of their

boards of trustees, approve their budgets, borrowing, significant financial and operational decisions, and changes in healthcare services and programs.

12. Defendants coordinate their operations through common executive leadership, consolidated financial reporting, integrated governance, centralized physician services, and integrated administrative and clinical operations. In particular, Mary Hitchcock Memorial Hospital and Dartmouth-Hitchcock Clinic maintain closely integrated governance, finances, and operations, including common boards of trustees. Through these arrangements, Defendants operate their affiliated healthcare facilities as a coordinated and integrated healthcare enterprise through which Defendants jointly exercised control over the terms and conditions of employment of Plaintiff and other similarly situated current and former hourly employees, including the policies and practices concerning the recording of hours worked, rounding of employee time records, and payment of wages challenged in this action. Accordingly, Defendants constituted a single employer and/or joint employers of Plaintiff and the other similarly situated employees within the meaning of the Fair Labor Standards Act and applicable New Hampshire law.

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Statuses as an Employer

13. Defendants jointly present and hold themselves out to the public as "Dartmouth Health," which describes itself as New Hampshire's "only academic health system," consisting of nine hospitals, more than 24 clinics, over 800 beds, more than 16,000 employees, and more than 2,300 healthcare providers.[1] Dartmouth Health operates an integrated network of hospitals, outpatient facilities, specialty care centers, and other healthcare services throughout New

[1] https://www.dartmouth-health.org/about/who-is-dartmouth-health (last accessed November 9, 2026).

Hampshire and Vermont, including its flagship academic medical center, Dartmouth Hitchcock Medical Center, located in Lebanon, New Hampshire, where Plaintiff was employed.

14. At all times relevant, Defendants each were, and together constituted, an enterprise within the meaning of 29 U.S.C. § 203(r), engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), and operated and controlled an enterprise engaged in commerce with annual gross volume of business exceeding $500,000.00.

**Plaintiff's, the FLSA Collective's, and the New Hampshire State Law Class's Non-Exempt Employment Statuses with Defendant**

15. Plaintiff was employed by Defendant at Dartmouth Hitchcock Medical Center starting in approximately July 2022. From approximately September 2023 until November 2025, including the times relevant for this lawsuit, she was employed as a Unit Support Assistant in the Emergency Department, where she performed administrative, logistical, and operational support duties in connection with the provision of emergency medical services, including assisting with patient flow, maintaining supplies and equipment, and supporting the work of clinical personnel. During all relevant time periods, Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and the New Hampshire State Law Class, as hourly non-exempt employees, and utilized them in furtherance of its business purpose.

16. At all times relevant, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and N.H. Rev. Stat. Ann. § 275:42(I).

17. At all times relevant, Plaintiff and the other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e).

18. At all times relevant, Plaintiff and the other members of the New Hampshire State Law Class were employees within the meaning of N.H. Rev. Stat. Ann. § 275:42(II).

**Defendant's Failure to Pay for All Hours Worked**

19. Defendant failed to pay Plaintiff, the members of the FLSA Collective, and the New Hampshire State Law Class for all hours worked, including overtime and non-overtime hours, as a result of Defendant's time editing and/or rounding policies and practices.

20. At the beginning of their workdays, Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class clocked in and began performing their job duties and responsibilities, but Defendant did not pay them for all time worked. Similarly, at the end of their workdays, these employees continued performing their job duties and responsibilities until their work was completed and they clocked out, but were not paid for all time worked. Instead, Defendant calculated their wages based on post-edited, rounded, modified, and inaccurate or incomplete time records that excluded time actually worked. Defendant willfully manipulated employees' beginning- and end-of-shift time records before submitting them to payroll, resulting in payment for fewer hours than employees actually worked.

21. Specifically, until some point within approximately the last year when Defendant changed its policy to pay hourly employees to the minute, Defendant maintained a seven-minute rounding policy under which employees' actual clock-in and clock-out times were automatically rounded, resulting in the exclusion of up to seven minutes of working time at the beginning and end of their shifts. For example, employees who clocked in and began working between 6:53 a.m. and 6:59 a.m. for a 7:00 a.m. shift were paid as though they began working at 7:00 a.m. Similarly, employees who continued working and clocked out between 7:01 p.m. and 7:07 p.m. were paid as though they stopped working at 7:00 p.m. This occurred notwithstanding Defendant's timekeeping and payroll systems' ability to record and compensate employees for the actual time worked.

22. Defendant's rounding policy systematically favored Defendant because Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class routinely clocked in before their scheduled starting times and immediately began performing their job duties and responsibilities. Defendant's attendance policies required employees to be clocked in and ready to work at their scheduled starting times and subjected employees who clocked in late to discipline. Although a policy posted by the time clocks instructed employees not to clock in more than seven minutes before their scheduled shifts, they were also informed that they were supposed to be in their shift positions no later than the start of their shifts. At the end of their shifts, employees regularly continued working beyond their scheduled ending times to complete their job duties and responsibilities, including attending to patients and supplies, completing recordkeeping, or completing other required tasks. Defendant's rounding practices systematically excluded portions of this working time from payroll, thereby benefiting Defendant at employees' expense.

23. More specifically and by way of example, when working in the Emergency Department during the time relevant to her claims (that is, from the date three years prior to the filing of this Complaint to the day she ceased being employed by Defendant), Plaintiff Currier regularly worked 12-hour shifts from either 7:00 a.m. to 7:00 p.m. or from 7:00 p.m. to 7:00 a.m., most typically three days per week and occasionally four. She was also often required to work after her shift ended, such as to complete patient-related work or aid Emergency Department staff. Irrespective of her shift start time, she typically clocked in earlier than her scheduled shift times (e.g., at 6:53 a.m. to 6:59 a.m. for a 7:00 a.m. shift) to avoid being late and being chastised. Upon clocking in, she immediately began performing her job duties and responsibilities, reviewing patient schedules and assignments and participating in huddles with coworkers to prepare for the

upcoming shift. During her employment, Plaintiff also worked overtime hours as a result of work performed before and after her scheduled shifts and additional shifts she picked up.

24. Although Defendant's timekeeping system recorded Plaintiff's actual clock-in and clock-out times, Defendant's rounding practices excluded portions of the work she performed before and after her scheduled shifts from her paid hours. Plaintiff was never instructed not to work during those periods.

25. During her employment with Defendant within the relevant time frame, Plaintiff worked overtime hours in individual workweeks and/or applicable fourteen-day overtime periods during which Defendant's rounding and editing practices also excluded compensable working time from her paid hours. Consequently, Plaintiff was not compensated for all overtime hours actually worked, including overtime attributable to the working time excluded through Defendant's rounding and editing practices.

26. Defendant's rounding and editing policies and practices were not neutral in their operation or effect. Rather, over time, they systematically reduced the hours for which Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class were paid. These practices violated 29 C.F.R. § 785.48(b), which permits rounding only where the rounding method does not, over time, result in employees being improperly compensated for the time they actually worked. Defendant's practices thereby deprived employees of wages for straight-time and overtime hours actually worked, in violation of the FLSA and N.H. Rev. Stat. Ann. § 275:43, and, in Plaintiff's individual case, resulted in the nonpayment of wages due upon her layoff, in violation of N.H. Rev. Stat. Ann. § 275:44(III), entitling her to liquidated damages under § 275:44(IV).

27. Defendant's unlawful pay practices resulted from systematic, company-wide policies established and maintained at the corporate level. Defendant, through its supervisors and managers, knew or had reason to know that Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class routinely performed their job duties and responsibilities during periods excluded from payroll through Defendant's rounding practices. Supervisors observed employees performing this work, required or directed them to perform it, and knew that Defendant's timekeeping system recorded their actual clock-in and clock-out times. Defendant did not prohibit employees from performing work during these rounded periods and, instead, routinely required or permitted such work. Nevertheless, Defendant knowingly and willfully maintained its rounding and editing practices to reduce recorded working time and labor costs, intentionally or recklessly disregarding its obligations under the FLSA and, upon separation from employment, under N.H. Rev. Stat. Ann. § 275:44, for all hours worked. Defendant's violations of the FLSA and New Hampshire law were willful, and Defendant lacked a good faith basis for believing that its rounding and editing practices complied with the FLSA and N.H. Rev. Stat. Ann. § 275:44.

28. As a result of Defendant's rounding and editing practices, Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class were not paid their regular hourly wages for all straight-time hours worked or overtime compensation at one and one-half times their regular rates of pay for all overtime hours worked, whether calculated as hours exceeding forty (40) in a single workweek or, where applicable, hours exceeding eight (8) in a single workday or eighty (80) in a fourteen-day period pursuant to the "8/80" arrangements permitted under 29 U.S.C. § 207(j) and 29 C.F.R. § 778.601.[2]

[2] "Overtime hours" means hours exceeding forty in a workweek or, where a valid 8/80 arrangement applies under the FLSA, hours exceeding eight in a workday or eighty in a fourteen-day period.

29. Defendant's on-the-clock but unpaid time deprivation policies and practices are the result of systematic and company-wide policies and practices originating at the corporate level. Defendant's policies resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff, the FLSA Collective and the New Hampshire State Law Class] without compensating for them." "Management has the power to . . . [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid in accordance with the FLSA and state law. *See id.* Moreover, Defendant knew or had reason to know that Plaintiff and other members of the FLSA Collective and the New Hampshire State Law Class routinely performed work upon clocking in and prior to clocking out. Because Defendant failed to actively enforce any prohibition against work during these rounded periods and because the work that was done was required by Defendant and performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities, it is liable for compensating Plaintiff and other members of the FLSA Collective and the New Hampshire State Law Class.

30. As a result of Defendant's rounding and editing practices, Plaintiff and the members of the FLSA Collective and New Hampshire State Law Class were deprived of straight-time and overtime wages owed under the FLSA and applicable New Hampshire law, including N.H. Rev. Stat. Ann. § 275:43. Plaintiff also seeks liquidated damages under N.H. Rev. Stat. Ann. § 275:44(IV) for Defendant's willful failure, without good cause, to pay wages due upon her layoff.

**Defendant's Recordkeeping Violations**

31. At all relevant times, Defendant was required to make, keep, and preserve accurate records of the hours worked by Plaintiff and the other members of the FLSA Collective and New Hampshire State Law Class, including records of the times their work began and ended, wages paid, and alterations to their time records, pursuant to 29 U.S.C. § 211(c), 29 C.F.R. §§ 516.2, 516.5, 516.6, and 516.7, N.H. Rev. Stat. Ann. §§ 275:49(VI) and 279:27, and N.H. Code Admin. R. Lab 803.03(f)–(g). Defendant failed to maintain true and accurate records of all hours worked by Plaintiff and members of the FLSA Collective and the New Hampshire State Law Class, including by rounding and/or editing recorded starting and ending times in a manner that failed to reflect all compensable time worked.

32. Although Defendant maintained electronic records of the actual clock-in and clock-out times of Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class, the records Defendant used for payroll reflected rounded, edited, or otherwise modified working time rather than all hours actually worked. Consequently, Defendant's payroll and earnings records understated employees' hours worked and wages earned, including straight-time and overtime compensation.

33. Accordingly, Defendant failed to accurately record and account for all hours worked and wages earned by Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class, in violation of the FLSA's recordkeeping requirements and the applicable recordkeeping provisions of New Hampshire law.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**
**(As to COUNT ONE)**

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this case on behalf of a group of present and former employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> All current and former non-exempt employees of Defendant during the three years preceding the commencement of this action through the date of judgment, who worked overtime hours during one or more applicable workweeks or fourteen-day work periods, and whose recorded working time was subject to Defendant's time rounding and/or editing policies and practices, and who assert claims for unpaid overtime compensation under the FLSA.[3]

36. Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all overtime hours, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

37. Plaintiff and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed overtime from working hours for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that led to less time paid than time worked. Plaintiff will prosecute this action vigorously on their behalf.

38. Plaintiff and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked.

---

[3] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members she seeks to have the Court authorize notice to based upon further investigation and discovery.

As a result of Defendant's willful FLSA violations, Plaintiff and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

39. Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consists of approximately one thousand or more persons.

**STATE LAW ALLEGATIONS**
**(As to COUNT TWO)**

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendant who assert violations of New Hampshire law (the "New Hampshire State Law Class"), defined as:

> All current and former non-exempt employees of Defendant who worked in New Hampshire during the three years preceding the commencement of this action through the date of judgment, whose recorded working time was subject to Defendant's time rounding and/or editing policies and practices, and who assert claims for unpaid wages under applicable New Hampshire law.[4]

[4] Plaintiff reserves the right to amend or refine the New Hampshire State Law Class definition, including by proposing a subclass under N.H. Rev. Stat. Ann. § 275:44, based on further investigation and discovery.

42. There are questions of law or fact common to the New Hampshire State Law Class, including but not limited to:

(a) Whether Defendant maintained uniform time rounding and/or editing policies and practices that systematically reduced employees' recorded and paid working time;

(b) Whether Defendant failed to pay Plaintiff and the members of the New Hampshire State Law Class all wages earned for hours actually worked as a result of those policies and practices;

(c) Whether Defendant's failure to pay such wages violated N.H. Rev. Stat. Ann. § 275:43; and

(d) What monetary relief Plaintiff and the members of the New Hampshire State Law Class are entitled to recover.

43. Plaintiff's claims are typical of the claims of other members of the New Hampshire State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other New Hampshire State Law Class members.

44. The New Hampshire State Law Class is so numerous that joinder of all members is impracticable. Plaintiff cannot yet state the exact number of class members but alleges, upon information and belief, that the New Hampshire State Law Class consists of hundreds, if not thousands, of persons. The number and identities of class members are ascertainable from Defendant's payroll, timekeeping, and personnel records.

45. Plaintiff will fairly and adequately protect the interests of the New Hampshire State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action

litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the New Hampshire State Law Class in this case.

46. The questions of law or fact that are common to the New Hampshire State Law Class predominate over any questions affecting only individual members. The primary questions concerning Defendant's uniform time rounding and/or editing policies and practices, their effect on employees' recorded and paid working time, and Defendant's resulting liability under New Hampshire Law are common to the New Hampshire State Law Class as a whole and predominate over questions affecting only individual class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**
***On Behalf of Plaintiff and the FLSA Collective***

48. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 39 as if fully rewritten herein.

49. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

50. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

51. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

52. At all relevant times, Defendant has maintained a policy and practice of failing to pay Plaintiff and members of the FLSA Collective all overtime compensation required by the FLSA for compensable hours worked in excess of forty (40) hours per workweek, or, to the extent Defendant maintained a qualifying overtime arrangement pursuant to 29 U.S.C. § 207(j), for compensable hours worked in excess of eight (8) hours in a workday or eighty (80) hours in a fourteen-day work period.

53. As a result of Defendant's willful failure to include all compensable working time in its overtime calculations and to pay Plaintiff and members of the FLSA Collective overtime compensation at a rate not less than one and one-half times their regular rates of pay for all overtime hours worked under the applicable overtime standard, Defendant has violated the FLSA, including 29 U.S.C. §§ 207(a)(1), 207(j), and 215(a).

54. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

55. As a result of Defendant's policy and practice of rounding and editing time records, thereby paying employees less than the compensation owed, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted willfully and/or showed reckless disregard for whether its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

56. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the FLSA Collective, is entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages; and (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

57. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Failure to Pay All Wages Under New Hampshire Law,**
**N.H. REV. STAT. ANN. §§ 275:43, 275:44, and 275:53)**
***On Behalf of Plaintiff and the New Hampshire State Law Class***

58. Plaintiff incorporates by reference the allegations of paragraphs 1 through 33, and paragraphs 40 through 47, as if fully rewritten herein.

59. Plaintiff brings this claim under N.H. Rev. Stat. Ann. § 275:43, as a class action on behalf of herself and the New Hampshire State Law Class pursuant to Federal Rule of Civil Procedure 23.

60. Plaintiff also brings a claim under N.H. Rev. Stat. Ann. § 275:44(IV), individually, and reserves the right to seek certification of a subclass of similarly situated former employees pursuant to Federal Rule of Civil Procedure 23.

61. New Hampshire law requires employers, including Defendant, to pay employees, including Plaintiff and the members of the New Hampshire State Law Class, all wages earned for work performed on their regularly designated paydays. *See* N.H. Rev. Stat. Ann. §§ 275:42(III), 275:43. By virtue of its unlawful rounding and editing policies and practices, Defendant violated N.H. Rev. Stat. Ann. § 275:43 by failing to pay Plaintiff and the members of the New Hampshire

State Law Class their regular hourly wages for all hours actually worked, including uncompensated straight-time hours.

62. Plaintiff was laid off by Defendant, which failed to pay her all wages earned and due by the next regular payday, as required by N.H. Rev. Stat. Ann. § 275:44(III). Defendant's failure to pay those wages was willful and without good cause, entitling Plaintiff to liquidated damages pursuant to N.H. Rev. Stat. Ann. § 275:44(IV).

63. Accordingly, Plaintiff and the members of the New Hampshire State Law Class are entitled to recover their unpaid straight-time wages, together with reasonable attorneys' fees, costs, and prejudgment interest to the extent permitted by law, pursuant to N.H. Rev. Stat. Ann. § 275:53. Plaintiff additionally seeks liquidated damages under N.H. Rev. Stat. Ann. § 275:44(IV), without duplicative recovery under any other cause of action.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the FLSA Collective and the New Hampshire State Law Class, as applicable, respectfully requests that this Court:

A. Promptly order Defendant to produce relevant timekeeping and compensation policies and procedures, payroll and timekeeping records, including records reflecting actual clock-in and clock-out times and subsequent rounding or editing, and other information reasonably necessary to identify similarly situated employees and determine the scope of Defendant's alleged violations;

B. Promptly order Defendant to provide the names, dates of employment, last known mailing addresses, telephone numbers, and email addresses of similarly situated employees for purposes of facilitating notice of this action;

C. Authorize notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), approve the form and manner of such notice, and permit eligible employees to file written consents to join the FLSA Collective;

D. Equitably toll the statute of limitations applicable to the claims of members of the FLSA Collective, including from the commencement of this action until they file their written consents to join;

E. Certify this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the members of the New Hampshire State Law Class, appoint Plaintiff as Class Representative, and appoint Plaintiff's counsel as Class Counsel;

F. Enter judgment against Defendant and in favor of Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class, as applicable, finding that Defendant violated the FLSA and applicable New Hampshire law;

G. Award Plaintiff and the members of the FLSA Collective their unpaid overtime compensation, together with an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

H. Award Plaintiff and the members of the New Hampshire State Law Class all unpaid wages due under New Hampshire law, including N.H. Rev. Stat. Ann. §275:43;

I. Award Plaintiff, and any subsequently certified subclass of similarly situated former employees, liquidated damages pursuant to N.H. Rev. Stat. Ann. § 275:44(IV), to the extent its statutory prerequisites are established;

J. Award Plaintiff and the members of the FLSA Collective and the New Hampshire State Law Class, as applicable, prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs, and expenses to the extent authorized by the FLSA, New Hampshire law, and other applicable law;

K. Award all relief available under the foregoing provisions without duplicative recovery for the same unpaid wages or damages; and

L. Grant such other and further relief as the Court deems just and proper.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Richard L. O'Meara*__________________

Richard L. O'Meara (N.H. Bar No. 19454)
**MURRAY PLUMB & MURRAY**
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104
Telephone: (207) 773-5651
romeara@mpmlaw.com

Seth R. Lesser* (New York 2265585)
Christopher Timmel* (New York 4535258)
Jessica Rado* (New York 6052997)
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com

Ryan A. Winters* (Ohio 0086917)
Kevin M. McDermott II* (Ohio 0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

Michael A. Galpern* (New Jersey 029031988)
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

*ATTORNEYS FOR PLAINTIFF, FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED RULE 23 CLASS COUNSEL*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED